IN THE UNITED STATES COURT FOR THE DISTRICT OF UTAH

CENTRAL DIVISION

| | |
|---|---|
| SURESH BOODRAM,<br><br>    Petitioner,<br><br>vs.<br><br>ERIC H. HOLDER Jr., United States Attorney General; JANET NAPOLITANO, Secretary of the Department of Homeland Security, JAMES O. TRACY, Utah County Sheriff; STEVE BRANCH, Field Office Director for the Salt Lake City Office of Enforcement and Removal (ICE), and all other persons exercising direct legal custody over the Petitioner,<br><br>    Respondents. | MEMORANDUM DECISION AND ORDER GRANTING RESPONDENTS' MOTION TO DISMISS FOR MOOTNESS<br><br><br><br>Case No. 2:12-CV-1063 TS |

This matter is before the Court on Respondents' Motion to Dismiss for Mootness.[1] Through their Motion, Respondents seek to dismiss Petitioner Suresh Boodram's petition for writ of habeas corpus. For the reasons discussed below, the Court will grant the Motion.

---

[1]Docket No. 8.

1

I.  BACKGROUND

Suresh Boodram is a native and citizen of Trinidad and Tobago who entered the United States in 2005.  On June 3, 2008, Boodram adjusted to lawful permanent resident status.  On July 6, 2011, Boodram entered into a plea agreement in Utah State Court in which he admitted that he issued unauthorized prescriptions to his wife for an eyelash enhancement product known as "Latisse," which is used to grow longer, fuller, and darker eyelashes.  Boodram was thereafter convicted of Attempted Obtaining A Prescription Under False Pretenses, in violation of Utah Code Ann. § 58-37-8(3)(a)(ii), a class A misdemeanor.  He was also convicted of two counts of Attempted Forgery, in violation of Utah Code Ann. § 76-6-701, also class A misdemeanors.  Boodram was sentenced to concurrent and suspended sentences of one year in jail.

On October 24, 2012, the Department of Homeland Security ("DHS") served Boodram with a Notice to Appear that charged him with being removable from the United States, pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien who, after admission to the United States, was convicted of forgery for which the term of imprisonment was at least one year.  Boodram was further charged with being removable, pursuant to 8 U.S.C. § 1227(a)(2)(A)(iii), as an alien who, after admission, had been convicted of an aggravated felony as defined in 8 U.S.C. § 1101(a)(43)(U).  Boodram was detained by Immigration and Customs Enforcement ("ICE") on October 24, 2012.  Pursuant to the Board of Immigration Appeals' ("BIA") decision in *Matter of Rojas*,[2] Boodram was subject to mandatory, no-bond detention pending his deportation proceedings.

---

[2] 23 I & N Dec. 117 (BIA 2001).

On November 15, 2012, Petitioner filed the instant habeas action pursuant to 28 U.S.C. § 2241, challenging *Matter of Rojas* as an unlawful interpretation of the federal deportation statute,[3] which Petitioner argues does not apply to non-citizens who, like himself, were taken into custody long after the alleged deportable offense was committed. In his habeas petition, Boodram requested an individualized bond hearing, an award of reasonable costs and attorney fees, and any other relief the Court deems proper.

On December 11, 2012, the Immigration Judge ("IJ") administratively terminated Petitioner's removal proceedings without prejudice, after holding that DHS was unable to sustain the charges of removability. The IJ subsequently ordered Petitioner released from custody under bond of $1,500.

On January 9, 2013, Respondents filed their Motion to Dismiss for Mootness.

## II.  DISCUSSION

"Article III of the United States Constitution only extends federal judicial power to cases or controversies."[4] This means that, at all stages of the litigation, Petitioner "must have suffered, or be threatened with, an actual injury traceable to the [Respondents] and likely to be redressed by a favorable judicial decision."[5]

---

[3] 8 U.S.C. § 1226(c).

[4] *United States v. Meyers*, 200 F.3d 715, 718 (10th Cir. 2000).

[5] *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (internal quotation marks and citation omitted).

In this case, Boodram has received all the relief the Court is able to grant. First, as stated above, the IJ granted Petitioner an individualized bond hearing, the primary relief he requested in his habeas petition.

Second, the Court is unable to grant the monetary relief Petitioner requested in his habeas petition. As an initial matter, the Court notes that Petitioner's general request for relief is not sufficient to state a claim for monetary relief based on lost wages or loss of consortium. Even if it were, however, the Court would be unable to grant such relief.

Petitioner cites to *Ferry v. Gonzalez*, where the Tenth Circuit suggested, in dicta, that had the petitioner in that case sought monetary damages for loss of liberty or consortium, his habeas petition would not have been moot.[6] Notwithstanding the dicta in *Ferry*, however, Petitioner's claims for lost wages and loss of consortium are not cognizable under a habeas petition because

---

[6] *See Ferry v. Gonzalez*, 457 F.3d 1117, 1132 (10th Cir. 2006) ("Ferry also claims that, as a result of his detention without bond, he lost two years of his liberty and the consortium of his family. We note, however, that at oral argument Ferry's counsel confirmed that Ferry does not seek monetary damages for loss of liberty or consortium. Rather, his counsel agreed that, in essence, Ferry seeks a declaratory judgment that he was entitled to a bond hearing.").

"damages are not an available habeas remedy . . . ."[7]  Instead, "an action for monetary damages is properly pursued by way of a civil rights action."[8]

Boodram's request for attorney fees also cannot save his habeas petition from mootness because the "interest in attorney fees is, of course, insufficient to create an Article III case or controversy where none exists on the merits of the underlying claim."[9]

As Petitioner has received the relief he requested in his habeas petition, subsistence of this suit is possible only if one of the mootness exceptions applies.[10]  A petition for habeas is not moot if "(1) secondary or 'collateral' injuries survive after resolution of the primary injury; (2) the issue is deemed a wrong capable of repetition yet evading review; (3) the defendant

---

[7]*Nelson v. Campbell*, 541 U.S. 637, 646 (2004); *see also Estelle v. McGuire*, 502 U.S. 62, 68 (1991) ("In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."); *Cohen Ma v. Hunt*, 372 F. App'x 850, 852 (10th Cir. 2010) (unpublished) ("Although the district court did not specifically address the petitioner's claims for damages, the court correctly determined that claims regarding conditions of confinement may not be brought in a § 2241 proceeding."); *Demis v. Sniezek*, 558 F.3d 508, 516 (6th Cir. 2009) ("Demis also fails to explain how his § 2241 habeas petition encompasses such economic losses, as habeas relief is available only for constitutional violations."); *McKinney-Bey v. Hawk-Sawyer*, 69 F. App'x 113, 113 (4th Cir. 2003) ("To the extent that Appellant sought money damages, such relief is not available under § 2241.  As the district court found, an action for monetary damages is properly pursued by way of a civil rights action."); *U.S. ex rel. Rickard v. Sternes*, 149 F. Supp. 2d 437, 444–45 (N.D. Ill. 2001) *aff'd sub nom*. *Rickard v. Sternes*, 44 F. App'x 738 (7th Cir. 2002) (finding that because there was "nothing about [the petitioner's claim for loss of consortium] that goes to the fact or duration of his custody . . . [the claim] must be brought under § 1983 rather than § 2254.").

[8]*McKinney-Bey*, 69 F. App'x at 113.

[9]*Lewis v. Cont'l Bank Corp.*, 494 U.S. 472, 480 (1990).

[10]*See Spencer*, 523 U.S. at 11.

voluntarily ceases an allegedly illegal practice but is free to resume it at any time; or (4) it is a properly certified class action."[11]

Having considered the parties' arguments, the Court finds that none of the mootness exceptions apply.

### III. CONCLUSION

Based on the above, it is hereby

ORDERED that Respondents' Motion to Dismiss for Mootness (Docket No. 8) is GRANTED.

The Clerk of the Court is directed to close this case forthwith.

DATED   March 5, 2013.

BY THE COURT:

_____
TED STEWART
United States District Judge

---

[11] *Riley v. I.N.S.*, 310 F.3d 1253, 1257 (10th Cir. 2002) (quoting *Chong v. Dist. Dir., INS*, 264 F.3d 378, 384 (3d Cir. 2001)).